22-1317-cr
*United States v. Caschetto*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             ROBERT D. SACK,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                                                    No. 22-1317-cr

MARCUS OLIVER CASCHETTO,
a/k/a MARC OLIVER CASCHETTO,

     *Defendant-Appellant*.

_____


FOR DEFENDANT- APPELLANT:     Martin Vogelbaum, Assistant Federal Public
                              Defender *for* Marianne Mariano, Federal Public
                              Defender, Western District of New York,
                              Buffalo, NY.

FOR APPELLEE: Katherine A. Gregory, Assistant United States Attorney *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the June 13, 2022, judgment of the United States District Court for the Western District of New York (Sinatra, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Marcus Oliver Caschetto appeals from a June 13, 2022, judgment of conviction for illegal entry into the United States after removal, in violation of 8 U.S.C. §1326(a). Caschetto moved to dismiss the indictment, contending that his underlying 2019 removal order was fundamentally unfair because his immigration counsel was ineffective. See 8 U.S.C. §1326(d)(3). Specifically, Caschetto argued that his immigration counsel improperly conceded that his 2002 Florida misdemeanor conviction qualified as a removable "crime of child abuse, child neglect, or child abandonment." 8 U.S.C. §1227(a)(2)(E)(i). After his motion to dismiss was denied, Caschetto entered a conditional guilty plea, and, after entry of judgment, brought this appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we recite only as necessary to explain our decision to affirm.

"We review de novo the denial of a motion to dismiss the indictment." United States v. Vilar, 729 F.3d 62, 79 (2d Cir. 2013). Caschetto may challenge the removal order underlying his conviction only if he "demonstrates that – (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of

2

the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. §1326(d). Caschetto contends that ineffective assistance of counsel rendered the entry of his removal order fundamentally unfair under Section 1326(d)(3), and that the same ineffective assistance deprived him of the opportunity to exhaust his administrative remedies and to seek judicial review.

The familiar standard for ineffective assistance of counsel in a criminal matter applies in immigration matters as well. To prevail, Caschetto must show that his counsel's actions "fell below the level of performance expected of competent counsel" and that he "was prejudiced by his counsel's incompetence." United States v. Scott, 394 F.3d 111, 117-18 (2d Cir. 2005) (citation and quotation marks omitted). "[P]rejudice is shown where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Copeland, 376 F.3d 61, 73 (2d Cir. 2004) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Under the Immigration and Nationality Act (INA), a non-citizen who is convicted of a crime of "child abuse, child neglect, or child abandonment" is removable. 8 U.S.C. §1227(a)(2)(E)(i). Caschetto argues that his counsel, Tara Anne Demetriades, provided ineffective assistance in the immigration proceedings by conceding that his prior misdemeanor conviction under Florida Statutes Section 827.04(1) qualified as a crime of child abuse under the INA. Caschetto contends that Section 827.04(1) encompasses criminally negligent conduct. At the time of his 2019 immigration proceedings, the Board of Immigration Appeals (BIA) had held that a state offense requiring only criminal

3

negligence could qualify as a removable crime of child abuse. See Matter of Velazquez-Herrera, 24 I. & N. Dec. 503, 512 (BIA 2008). However, just a year before Caschetto's removal proceedings, the Eleventh Circuit had expressly declined to reach the issue. See Pierre v. U.S. Att'y Gen., 879 F.3d 1241, 1251 n.3 (11th Cir. 2018) (declining to decide "whether purely negligent acts with no injury to the child proscribed by a state statute constitute generic crimes of child abuse" under the immigration laws). Caschetto contends that because this was an open question in the Eleventh Circuit at the time of his removal proceedings, Demetriades should have challenged his removability, appealing the issue, if necessary, to the BIA and then to the Eleventh Circuit, where he could have successfully argued that the generic federal crime of child abuse did not include offenses criminalizing negligent conduct.

It is clear from the record that Demetriades' performance was deficient. She conceded Caschetto's removability when the question of whether Florida Statutes Section 827.04(1) qualifies as a crime of child abuse was unsettled in the Eleventh Circuit. See Pierre, 879 F.3d at 1251 n.3. And she did so without reading the Notice to Appear issued to Caschetto, without consulting with Caschetto about the issue, and without any apparent strategic purpose. We turn, then, to whether Caschetto has established "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Events since his 2019 removal proceedings make such a showing impossible. In 2022, the Eleventh Circuit held that a crime of child abuse encompasses "crimes with a mens rea of criminal negligence." Bastias v. U.S. Att'y Gen., 42 F.4th 1266, 1275 (11th Cir. 2022), petition for cert. filed (March 8, 2023) (No. 22-868). In light of Bastias, Caschetto cannot establish a reasonable

4

probability that, but for his counsel's ineffective assistance, the outcome of his removal proceeding would have been different. See Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) ("The outcome determination, unlike the performance determination, may be made with the benefit of hindsight.").

Upon review of the entire record, we find that Caschetto has failed to demonstrate a reasonable probability that Demetriades' failure to contest his removability on this basis led to a different result in his removal proceedings. Caschetto has not met his burden of showing that he was prejudiced by his counsel's deficient performance, and thus has not established that his removal proceedings were fundamentally unfair. See 8 U.S.C. §1326(d)(3). Therefore, we find no error in the District Court's denial of Caschetto's motion to dismiss the indictment.

We have considered Caschetto's remaining arguments on appeal and find them to be without merit. Thus, for the reasons stated, we **AFFIRM** the June 13, 2022, judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court